ANNA V. LYNN v. ANNIE HANSON and Others.[1]

January 25, 1899.

Nos. 11,241—(65).

## Agents Authorized to Receive Payment of Mortgage.

*Held*, that upon the facts in this case the note and mortgage in controversy must be deemed paid. Hare v. Bailey, 73 Minn. 409, and General Convention C. M. v. Torkelson, 73 Minn. 401, followed.

Action in the district court for Hennepin county against Annie Hanson and John Hanson, her husband, and H. W. Thompson, as administrator with the will annexed of the estate of Francis Parks, deceased. The complaint alleged, among other things, that defendants Hanson executed to plaintiff a mortgage to secure a loan of $1,500, evidenced by one note for $500 and by another note for $1,000; and that defendant Thompson, as administrator, claimed some right and interest in the mortgaged premises, but that his lien was inferior to that of plaintiff's mortgage. The complaint prayed for judgment of foreclosure and for a deficiency judgment against the Hansons. The court, Johnson, J., found the facts as

[1]ANNA V. LYNN v. JOSEPH KING and Others.

January 25, 1899.

Nos. 11,240—(64).

BUCK, J.

stated in the opinion, and as conclusion of law found that plaintiff was entitled to judgment against defendants Hanson for $500 with interest from July 8, 1896, and to a judgment of foreclosure; and to judgment against defendant Thompson that he take nothing by the action.    From a judgment entered pursuant to the findings, defendant Thompson appealed.    Reversed.

*A. D. Keyes*, for appellant.

*Jones & Babcock* and *John B. Atwater*, for respondent Anna V. Lynn.

BUCK, J.

Annie Hanson, one of the defendants, borrowed of the plaintiff, Lynn, $1,500, giving one note of $500, payable in two years, and one of $1,000, payable in five years, each dated June 10, 1891, drawing interest at the rate of 7 per cent. per annum, and secured the payment thereof by mortgage on a certain lot in the city of Minneapolis.    The defendant John Hanson, her husband, joined in the execution of the mortgage.    This mortgage was duly recorded.    The first note was paid when due, and the other note and mortgage were sent by the plaintiff, Lynn, to the firm of A. F. & L. E. Kelley, of Minneapolis, for collection, this being the firm by whom the loan was made in the first instance.    This note, including six months' interest thereon, was then due, and the Hansons then paid the Kelleys, on behalf of plaintiff, the sum of $535, and they surrendered the note and mortgage to the Hansons.

While the trial court found that the Hansons only paid on said note and mortgage the said sum of $535, that finding must be construed in the light of the evidence in the record, from which it appears that the Kelleys received the Hanson note and mortgage from plaintiff with instructions to collect the amount due thereon and reloan the same.    The Hansons could not pay the amount in full, and when they paid the $535 on the note they made application to the Kelleys for a loan of $500 to pay the balance, and the Kelleys thereupon loaned them that amount from the Parks estate, then in their hands for loaning, and to this end the Hansons at the same time executed to the Parks estate their note therefor, and secured the same by a mortgage on the real estate described in the

complaint, and the Kelleys then credited plaintiff with $1,000 on their books, and charged the $500 to the Parks estate, and then surrendered the note and mortgage to the Hansons as-paid in full. This transaction was treated and understood by the Hansons and the Kelleys as a payment of the Hanson note and mortgage, although there was an item of $15 placed on the Kelleys' books to credit of commissions, $1 to interest and discount, $516 to cash, and $1,000 to plaintiff. It is claimed that by this transaction the $532 paid to the Kelleys and the $500 borrowed of the Parks estate paid the $1,000 note and the $31 interest coupon, and left $1, which was credited to interest and discount in the Kelleys' account with plaintiff.

It also appears from the record that, several years prior to this transaction, at two or three different times plaintiff had sent to one or both of the Kelleys money aggregating some $20,000, to be loaned, collected and reloaned, and in doing so the Kelleys opened an account with the plaintiff, which showed a statement of moneys loaned, collected and reloaned from time to time, and a statement thereof rendered to the plaintiff as the transactions took place. These collections were not remitted to plaintiff, but were reloaned by the Kelleys or one of them. Plaintiff thus had knowledge of the manner in which the Kelleys were doing business for her, for many years prior to the transaction in controversy.

There can be no doubt of the authority of the Kelleys to collect the note and mortgage of the Hansons and to reloan the money so collected. They had possession of such note and mortgage, and express authority to transact the business, and the question arises as to whether the manner of reloaning the money of the Parks estate, crediting the amount thus collected on the Kelleys' books to plaintiff, operated as payment of the Hanson note and mortgage. Following the rule laid down in Hare v. Bailey, 73 Minn. 409, 76 N. W. 213, and General Convention C. M. v. Torkelson, 73 Minn. 401, 76 N. W. 215, the question must be answered in the affirmative. The Kelleys became insolvent September 12, 1896. It should be stated that the appellant Thompson is the administrator with the will annexed of the estate of Francis Parks.

Our conclusion is that the Hanson note must be deemed paid

and the mortgage satisfied, the judgment reversed, and new trial ordered. It is so ordered.